IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| **In re:** § § **Danielle Lettiere,** § § **Debtor.** § | | Case No. 19-76036-AST<br><br>Chapter 7 |
| **Dennis Kelly,** § § **Plaintiff,** § § **v.** § § **Danielle Lettiere,** § § **Defendant.** § | | Adv. Proc. No. 19-08153-AST |

## ORDER GRANTING MOTION TO DISMISS

Pending before the Court is the Motion to Dismiss (the "MTD") filed by Defendant-Debtor Danielle Lettiere ("Defendant"), seeking to dismiss the nondischargeability complaint filed by Plaintiff-Creditor Dennis Kelly ("Plaintiff") in its entirety. For the reasons set forth herein, the MTD is granted.

### I.  BACKGROUND

The following facts as alleged by Plaintiff are adopted as true for purposes of this Order.

Plaintiff is a licensed mortgage loan originator formerly employed by Harlequin Capital Corporation ("Harlequin"), a New York corporation and registered mortgage broker. Plaintiff solicited residential mortgage loans for Harlequin. Pursuant to a contract between Harlequin and Plaintiff (the "Agreement"), Plaintiff was to be compensated by commissions paid upon the closing of each loan.  Defendant was the principal, director, and largest shareholder of Harlequin at all relevant times.

1

In 2018, Plaintiff filed commenced a state court action (the "State Court Action") in the Supreme Court of the State of New York, County of Nassau, against Harlequin and Defendant. In the verified petition filed in the State Court Action (the "Verified State Court Petition"), Plaintiff asserted violations of New York state labor law based on Harlequin's alleged failure to pay commissions owed to Plaintiff under the Agreement.

On August 20, 2019, while the State Court Action was pending, Defendant filed a petition for relief under chapter 7 of title 11 of the United States Code (the "Bankruptcy Code"),[1] thereby commencing the above-referenced main bankruptcy case. The State Court Action was thereby stayed pursuant to § 362(a). On the Schedules E/F filed by Defendant in the main bankruptcy case, Defendant listed Plaintiff as a creditor, and scheduled Plaintiff as holding a disputed debt for "Commissions (Harlequin Capital Corp)" (the "Debt").

On December 9, 2019, Plaintiff filed a Complaint [dkt item 1][2] (the "Complaint"), thereby commencing this Adversary Proceeding. Pursuant to the Complaint, Plaintiff seeks to except the Debt from discharge under § 523(a)(2)(A) & (a)(4). Plaintiff attached a copy of the Verified State Court Petition to the Adversary Proceeding Complaint as an exhibit.

On December 12, 2019, the Court entered an order of discharge, which by its terms excluded this adversary. [Main Bankruptcy Case dkt item 31].

On January 9, 2020, Defendant timely filed an Answer [dkt item 7]. On January 16, 2020, Defendant filed a Motion to Dismiss [dkt item 9]. On February 7, 2020, Plaintiff filed an

---

[1] Any reference(s) herein to "section[s]" or "§[§]" shall refer to the indicated section(s) of the Bankruptcy Code.

[2] Any docket item reference herein shall refer to the indicated item on the Adversary Proceeding docket, unless otherwise indicated.

Affirmation in Opposition to the Motion to Dismiss [dkt item 10]. On February 10, 2020, Defendant filed a Reply to the Affirmation [dkt item 11].

## II.  LAW

### A.  Law on Rule 12(b)(6)

Defendant seeks relief under Federal Rule of Civil Procedure ("Rule") 12(b)(6). Rule 12(b)(6), made applicable to adversary proceedings pursuant to Federal Rule of Bankruptcy Procedure 7012, provides a complaint may be dismissed if it fails to state a claim upon which relief may be granted.

The law has been clear for years that to survive a Rule 12(b)(6) motion, "a complaint must set out only enough facts to state a claim for relief that is plausible on its face." *Vaughn v. Air Line Pilots Ass'n, Int'l,* 604 F.3d 703, 709 (2d Cir. 2010) (citing *Ashcroft v. Iqbal,* 556 U.S. 662 (2009)). "Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." *Iqbal,* 129 S.Ct. at 1949 (citation and internal quotation marks omitted). Plausibility "is not akin to a probability requirement," but rather requires "more than a sheer possibility that a defendant has acted unlawfully." *Id.* (citation and internal quotation marks omitted).

Courts use a two-prong approach when considering a motion to dismiss. *McHale v. Citibank, N.A. (In re the 1031 Tax Group, LLC),* 420 B.R. 178, 189–90 (Bankr. S.D.N.Y. 2009); *see also In re Personal Communication Devices, LLC*, 528 BR 229, 233-34 (Bankr. E.D.N.Y. 2015).  First, the court must accept all factual allegations in the complaint as true, discounting legal conclusions clothed in factual garb. *See, e.g., Kiobel v. Royal Dutch Petroleum Co.,* 621 F.3d 111, 124 (2d Cir. 2010)(stating that a court must "assum[e] all well-pleaded, nonconclusory

factual allegations in the complaint to be true" (citing *Iqbal*, 129, 129 S.Ct. at 1949–50); *In re Hall*, 629 B.R. 124, 139–40 (Bankr. E.D.N.Y. 2021)(internal citations omitted).

Second, the court must determine if these well-pleaded factual allegations state a "plausible claim for relief." *Iqbal,* 129 S.Ct. at 1950 (citation omitted). Making a plausibility determination is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* (citation omitted). A claim is plausible when the factual allegations permit "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 1949 (citation omitted). A complaint that only pleads facts that are "merely consistent with a defendant's liability" does not meet the plausibility requirement. *Id.* (quoting *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 557 (2007) (internal quotation marks omitted)). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.' " *Id.* (quoting *Twombly,* 550 U.S. at 555, 127 S.Ct. 1955) (internal quotation marks omitted). But "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* (citation omitted). "The pleadings must create the possibility of a right to relief that is more than speculative." *Spool,* 520 F.3d at 183 (citation omitted).

In deciding a Rule 12(b)(6) motion, the court must draw all reasonable inferences in favor of the nonmoving party, and must limit its review to facts and allegations contained in (1) the complaint, (2) documents either incorporated into the complaint by reference or attached as exhibits, and (3) matters of which the court may take judicial notice. *Blue Tree Hotels Inv. (Canada), Ltd. v. Starwood Hotels & Resorts Worldwide, Inc.,* 369 F.3d 212, 217 (2d Cir. 2004) (citation omitted); *Brass v. American Film Technologies, Inc.,* 987 F.2d 142, 150 (2d Cir. 1993); *In re Dewey & LeBoeuf LLP*, 487 B.R. 169, 173-74 (Bankr. S.D.N.Y. 2013). In doing so, the

4

court may look to the facts alleged in the complaint, and also to those "[d]ocuments that are attached to the complaint or incorporated in it by reference." *Roth v. Jennings*, 489 F.3d 499, 509 (2d Cir. 2007). *See Gillingham v. Geico Direct*, 2008 WL 189671, at *2 (E.D.N.Y. Jan. 18, 2008) (quoting *Hayden v. Cty. of Nassau,* 180 F.3d 42, 54 (2d Cir. 1999)) (stating that when considering a motion to dismiss for failure to state a claim under Rule 12(b)(6), a court may look to the complaint, its exhibits, and documents incorporated by reference).

### B.  Law on Discharge and Exceptions to Discharge

A discharge under § 727(a) operates to discharge only those debts that are dischargeable, and § 523(a) sets forth nineteen types of debts that may be excepted from discharge. Plaintiff timely sought a determination that the Debt is excepted from discharge under § 523(a)(2)(A) and § 523(a)(4).  However, Plaintiff failed to plausibly plead a claim under either section.

Section 523(a)(2)(A) provides that the discharge does not discharge an individual debtor from any debt "for money . . . to the extent obtained by . . . false pretenses, a false representation, or actual fraud, other than a statement respecting the debtor's or an insider's financial condition." 11 U.S.C. § 523(a)(2)(A)(in relevant part); *see American Honda Finance Corp. v. Ippolito (In re Ippolito)*, 2013 WL 828316, at *4-6 (Mar. 6, 2013). As such, § 523(a)(2)(A) lists three, distinct types of acts on which a finding could be based (false pretenses, false representation, and actual fraud). *Argento v. Cahill (In re Cahill)*, 2017 WL 713565, at *5 (Bankr. E.D.N.Y. Feb. 22, 2017); *see also In re Henderson,* 423 B.R. 598, 621 (Bankr. N.D.N.Y. 2010).  Section 523(a)(2)(A) has a specific scienter requirement: the creditor must establish that, at the time the debt was incurred, the debtor lacked the intent to repay the obligation. *Farina v. Balzano (In re Balzano)*, 137 B.R. 524, 531 (Bankr. E.D.N.Y. 1991); *In re Melnik*, 592 B.R. 9, 22–23 (Bankr. N.D.N.Y. 2018), *aff'd sub nom. Reddy v. Melnik*, 2019 WL 2766592 (N.D.N.Y. Jul. 2,

2019), *aff'd sub nom. In re Melnik*, 2021 WL 5987010 (2d Cir. Dec. 17, 2021). In addition, it is well-established law that a mere breach of contract does not, by itself, make the resulting debt subject to a determination of exception to discharge. *In re Melnick,* 592 B.R. at 24; *In re Henderson,* 423 B.R. at 621; *Sandak v. Dobrayel (In re Dobrayel),* 287 B.R. 3, 12 (Bankr. S.D.N.Y. 2002).

Section 523(a)(4) provides that the discharge does not discharge an individual debtor from any debt for "fraud or defalcation while acting in a fiduciary capacity, embezzlement, or larceny." A creditor must satisfy three elements to meet the fiduciary defalcation exception to discharge: (1) the existence of an express or technical trust involving the entrusting of money or property for the benefit of another; (2) the debtor must have acted in a fiduciary capacity in relation to the trust; and (3) the debt must arise from a defalcation committed by the debtor. *Board of Trustees of Metal Sheet Workers Int'l Assoc. Local Union No. 28 Trust Funds (In re Kern)*, 567 B.R. 17, 27 (Bankr. E.D.N.Y. 2017), *aff'd sub nom. Board of Trustees of Sheet Metal Workers Int'l Ass'n Loc. Union No. 28 Trust Funds v. Kern*, 618 B.R. 51 (E.D.N.Y. 2020). The court need not reach the issue of whether a fraud or defalcation has occurred until it has made the threshold determination that the debtor acted in a fiduciary capacity. *See In re Fritzson,* 590 B.R. 178, 192 (Bankr. D. Conn. 2018)(quoting *Andy Warhol Found. v. Hayes (In re Hayes)*, 183 F.3d 162, 170 (2d Cir. 1999)). The Bankruptcy Code does not define the term "fiduciary" for purposes of § 523(a)(4). *Yankowitz Law Firm v. Tashlitsky (In re Tashlitsky)*, 492 B.R. 640, 644 (Bankr. E.D.N.Y. 2013) (citing *Hayes*, 183 F.3d at 167). A fiduciary relationship under § 523(a)(4) "generally involv[es] express trusts, technical trusts or statutorily imposed trusts." *Grow Up Japan, Inc. v. Yoshida (In re Yoshida)*, 435 B.R. 102, 108 (Bankr. E.D.N.Y. 2010).

## III.  DISCUSSION

*Plaintiff has failed to plausibly plead a § 523(a)(2) or a § 523(a)(4) claim*

Although trying to shoehorn his claims under § 523(a)(2) & (4), Plaintiff principally characterizes the Debt as one arising from a breach of contract. In paragraph 10 of his Affirmation in Opposition to the Motion to Dismiss, he summarizes his allegations as follows:

> Harlequin and Plaintiff entered into a contract; Plaintiff performed; Harlequin did not; Plaintiff demanded payment; Defendant, who controlled Harlequin, promised that payment would be made; nevertheless, payment was never made.

Plaintiff also alleges that Defendant was a principal and director of Harlequin. However, these allegations, even if true, and even if Plaintiff somehow established that Defendant is personally liable for the corporation's Debt, the Debt would be, at most, a debt incurred by a mere breach of contract. Any liability of Defendant is dubious, as Plaintiff fails to plead that Defendant was a party to the Agreement, and it is axiomatic that one cannot breach a contract to which one is not a party. If Plaintiff is owed a debt for breach of contract, such debt would be owed by Harlequin, not by Defendant.

Further, Plaintiff fails to allege that he acted in closing any mortgage loans based on express or implied representations that he would be paid by Defendant personally for commissions already owed to him by Harlequin.

However, Plaintiff also (and somewhat contradictorily) alleges that the Debt arises under New York Labor Law §§ 191 & 198, contending that state law allows him to recover the commissions owed to him by Harlequin from Defendant personally. Plaintiff's briefing is vague as to the basis for this theory of liability, offering no statute or case law based explanation for how Defendant, as the corporate employer's agent, is made personally liable for the statutory obligation of the employer, Harlequin. But even if the Court assumes, for purposes here, that the

7

Debt arises under New York Labor Law §§ 191 & 198 and is owed by Defendant personally, Plaintiff offers no argument or basis as to how the Debt would fall within the pleaded exceptions to discharge. It would still be based on a simple breach of contract.

Further, as to the claim under § 523(a)(2)(A): Plaintiff alleges no facts from which a reasonable inference can be drawn that the Debt is one obtained by an act of false pretense, false representation or actual fraud, given that any such act must have been made in connection with the incurrence of the Debt. According to paragraph 11 of Plaintiff's Affirmation in Opposition to the Motion to Dismiss, the salient reasonable inferences that he believes can be drawn from his allegations are: Defendant was experienced in performing under these types of commissions agreements; Defendant knew that payment of the commissions was due upon the closing of the loans solicited by Plaintiff; Defendant knew that the commissions were not paid; and Defendant repeatedly made false promises that she was making arrangements to pay the commissions and that the commissions would be paid. None of these inferences can serve as the basis of a plausible claim under § 523(a)(2)(A). There is no allegation that Harlequin, much less Defendant, committed any falsity or fraud in connection with incurring the Debt. Again, Plaintiff failed to allege that he performed any services based on representations that he would be paid for past, unpaid commissions. Plaintiff's alleges facts that would support a typical breach of contract claim: parties entered into a contract; one party performed; the counter party did not; the party due the payment repeatedly demanded payment; the counterparty did not pay, despite repeated promises that payment would be made. The resulting Debt is not the type of debt that is excepted from discharge under § 523(a)(2)(A). *See generally In re Ippolito*, 2013 WL 828316, at *4-6.

As to the claim under § 523(a)(4): Plaintiff alleges no facts from which a reasonable inference can be drawn that the Debt is one for fraud or defalcation while acting in a fiduciary

8

capacity, embezzlement, or larceny. First, Plaintiff makes no allegation whatsoever or embezzlement or larceny. And while Plaintiff does make unsupported, vague allegations of fraud, § 523(a)(4) contemplates only fraud made while act in a fiduciary capacity. Plaintiff makes no allegation that Defendant was acting in a fiduciary capacity toward him. *See generally In re Kern*, 567 B.R. at 33-34.

Thus, drawing all reasonable inferences in favor of Plaintiff and assuming all well-pleaded, nonconclusory factual allegations in the Complaint are true, while limiting its review to facts and allegations contained in the Complaint and the State Court Verified Complaint, the Court finds that Plaintiff failed to state a claim for relief under § 523(a)(2)(A) or § 523(a)(4), for the reasons set forth.

## IV. CONCLUSION

Accordingly, the Court **ORDERS** that the Motion to Dismiss be **GRANTED**, and that the claims under § 523(a)(2)(A) and § 523(a)(4) be **DISMISSED** under Rule 12(b)(6) based on Plaintiff's failure to state a claim upon which relief may be granted.



**Dated: May 13, 2022**
**Central Islip, New York**

_____
**Alan S. Trust**
**Chief United States Bankruptcy Judge**